UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALREDO RUBIO,<br><br>            Plaintiff,<br>  v.<br><br>SOLLARS CONSTRUCTION INC., et al.,<br><br>            Defendants. | Case No.: C 09-04295 PSG<br><br>**ORDER DENYING MOTION TO CONTINUE TRIAL DATE**<br><br>**(Re: Docket No. 52)** |

On March 14, 2011, Defendant Barrett Business Services, Inc. ("BBSI") filed an objection pursuant to Fed. R. Civ. P. 72(a) and 28 U.S.C. § 636(b)(1)(A) to the court's March 11, 2011 Order. Rule 72(a) and Section 636(b)(1)(A), however, apply only to matters referred to a magistrate judge by a district judge. The undersigned presides over this case by the consent of both parties in accordance with 28 U.S.C. § 636(c). BBSI's objection for review by a district court judge is therefore procedurally improper.

Attached to BBSI's procedurally improper objection was a proposed order to continue the trial set for tomorrow morning at 9:30 a.m. Under Civ. L.R. 40-1, however, "[n]o continuance of a scheduled trial date will be granted except by order of the Court issued in response to a motion made in accordance with the provisions of Civil L.R. 7." No motion has been made to continue the trial date; only a proposed order has been filed. In an effort to address BBSI's contentions regarding the March 11, 2011 Order, the court will nevertheless deem BBSI's objection as a proper motion to

ORDER, *page 1*

continue the trial date.  For the reasons below, this motion to continue the trial date is DENIED.

**DISCUSSION**

On March 2, 2011, two weeks before trial, BBSI filed a motion to amend the pretrial order and a proposed order shortening time on that motion.[1]  BBSI did not, however, notice the motion on the court's calendar as required by Civ. L.R. 7-2.  The motion to amend the pretrial order was therefore defective on this basis alone.

BBSI also did not file a motion to shorten time under Civ. L.R. 6.  Even if the court had deemed the proposed order shortening time as a motion upon which the court could issue an order,[2] the proposed order would not have satisfied the requirements of Civ. L.R. 6-3.  As a result, the court did not grant shortened time or in any other way adopt the briefing schedule BBSI included in its proposed order.

BBSI's proposed order would have permitted BBSI to file a reply brief on March 14, 2011, two days before trial.  BBSI now argues that "although the allowance of a reply brief is not mandated by existing law, equity should permit BBSI to address any issues raised by Rubio in the opposition."[3]  To the contrary, allowing BBSI to file a reply brief regarding its procedurally improper motion two days before trial would have required Plaintiff to spend time preparing to argue the motion rather than preparing for trial.  As the court found that the argument in BBSI's motion to amend the pretrial order was unpersuasive, the court denied the motion before a reply was filed.

BBSI further argues that the court erred when it denied the motion to amend the pretrial order because, contrary to the court's conclusion, BBSI demonstrated the amendment was necessary to prevent a manifest injustice.  BBSI makes essentially the same argument as was made in the motion to amend the pretrial order.  The court nevertheless addresses each point made by BBSI below.

On May 20, 2010, the California Supreme Court decided *Martinez v. Combs*.[4]  In *Martinez*,

---

[1] *See* Motion for Relief from Factually Incorrect Responses to Requests for Admission (Docket No. 45); *see also* Order Denying Motion to Amend Pretrial Order Re: Responses to Requests for Admission (Docket No. 51) (construing BBSI's motion as a motion to amend the pretrial order).

[2] *See* Civ. L.R. 7-1 (explaining the means by which a request for an order must be presented).

[3] *See* Objection to Order on Motion at 3:1-3

[4] *Martinez v. Combs*, 49 Cal.4th 35 (Cal. 2010).

ORDER, *page 2*

as in this case, the plaintiffs alleged defendants were liable for unpaid minimum wages under Cal. Labor Code § 1194. In determining whether defendants were employers for the purposes of Section 1194, the California Supreme Court articulated three alternate definitions of "to employ": "(a) to exercise control over the wages, hours or working conditions, or (b) to suffer or permit to work, or (c) to engage, thereby creating a common law employment relationship."[5] On December 16, 2010, in *Futrell v. Payday California, Inc.*,[6] the Court of Appeal for the Second District applied the *Martinez* analysis to uphold the trial court's determination on summary judgment that the defendant in that case, a payroll services company, was not an employer.[7]

BBSI argues that "these two decisions, made subsequent to BBSI's admission, demonstrate a changing legal landscape with respect to payroll companies. To hold BBSI to an admission that is factually and demonstrably incorrect in light of this case law would work a manifest injustice upon the Defendant."[8] Neither *Futrell* nor *Martinez*, however, make the blanket statement that any company that oversees payroll could not also engage in other behaviors that meet the *Martinez* definition of an employer. Rather, the courts in *Futrell* and in *Martinez* based their determinations on actual evidence about the relationship between the putative employers and the plaintiffs in each case.

Because BBSI has supplied no evidence regarding its relationship to the Plaintiff, this court is not in a position to evaluate the strength of BBSI's argument under *Martinez* or how similar BBSI is to the payroll company in *Futrell*. Although the briefs BBSI filed in support of its motion to amend the pretrial order and for its instant motion to continue the trial date argue that BBSI does not meet the *Martinez* standard, it has not indicated what evidence it would produce, if permitted, to demonstrate this at trial. In contrast, even if the admissions were withdrawn, Plaintiff would introduce the deposition testimony from BBSI's 30(b)(6) representative that BBSI was Plaintiff's

---

[5] *Id.* at 64

[6] *Futrell v. Payday California, Inc.*, 190 Cal. App. 4th 1419, 1433 (Cal. Court of Appeal, 2010).

[7] It is of note that BBSI did not discuss *Futrell* in its motion to amend the pretrial order.

[8] *See* Objection to Order on Motion at 4:5-10.

employer[9] and has also pointed to other evidence that BBSI meets the *Martinez* standard.[10]  BBSI has not offered proof of facts that this court could rely upon to determine that *Martinez* and *Futrell* are favorable to BBSI's case.[11]

Next, BBSI discusses the court's analysis of the four factors relevant to determining whether to amend a pretrial order: (1) the degree of prejudice or surprise to the defendants if the order is modified; (2) the ability of the defendants to cure the prejudice; (3) any impact of modification on the orderly and efficient conduct of the trial; and (4) any willfulness or bad faith by the party seeking modification.[12]  The court found that Plaintiff would be prejudiced by his inability to conduct discovery on the issue of whether BBSI was an employer.  BBSI argues that Plaintiff has "already availed himself of the discovery process, and would therefore have any information necessary to proceed at trial. Rubio has conducted written discovery, partially evidenced by the requests for admission at issue. Further, Rubio has already taken the deposition of [Blotz]."[13]  BBSI misunderstands the court's ruling on prejudice.  The prejudice is not that Plaintiff had no opportunity to take discovery at all; the prejudice is that Plaintiff had no reasonable opportunity to take *on the issue of whether BBSI was an employer.*  Plaintiff obtained BBSI's admission to being Plaintiff's employer before he deposed BBSI's corporate representative.  Because BBSI had admitted the fact, Plaintiff had no cause to gather evidence to prove BBSI was his employer.  Furthermore, as explained in the March 11, 2011 Order, Plaintiff would have no opportunity to cure that prejudice as the motion to amend the pretrial order was noticed to be heard at the beginning of trial.

BBSI also argues that the only delay at trial would be "the mere minutes necessary to ask a

---

[9] *See* Decl. of Tomas Margain Ex. 1 104:2 - 105:15.

[10] *See* Decl. of Juan William Macadeag (Docket No. 48).

[11] BBSI has also not shown that these two decisions are more favorable than cases decided prior to BBSI's admission, such that they represent a substantial change in law.  Indicating the contrary, BBSI's trial brief cites to several cases decided prior to its admission that BBSI could have relied upon to deny the admission request.

[12] *See Galdamez v. Potter*, 415 F.3d 1015, 1020 (9th Cir. 2005).

[13] Objection to Order at 5:1-5.

few additional questions on direct examination."[14] The relevant delay, however, is the delay of the trial itself that would be required to permit Plaintiff to take discovery on an issue that was resolved for a year by BBSI's admission.

Lastly, BBSI argues that it has acted in good faith and that its motion is timely because the *Martinez* change of law was not discovered until preparation for trial commenced. The court previously stated that it did not find any evidence of bad faith, however, the court takes issue with BBSI's statement that its motion to amend the pretrial order was timely. BBSI made its admission approximately one year ago on March 17, 2010. *Martinez* was decided ten months ago on May 20, 2010. On February 16, 2011, BBSI filed its trial brief citing to *Martinez* to argue BBSI was not Plaintiff's employer,[15] and therefore knew about the import of *Martinez* at that time. Yet, even after Plaintiff filed his Motion *in Limine* based on the admissions on February 21, 2011, BBSI still did not move to amend or to withdraw those admissions. Only after the court ordered testimony contrary to those admissions be excluded and the parties waived their objections to the trial exhibits did BBSI move to withdraw its admission and amend the pretrial order. While not rising to the level of bad faith, such a sequence of events cannot reasonably be described as timely.

Trial shall commence tomorrow, as previously scheduled, at 9:30 a.m.

Dated: March 15, 2011

*[signature]*
PAUL S. GREWAL
United States Magistrate Judge

---

[14] *See* Objection to Order at 5:17-18.

[15] *See* 2/16/11 Trial Brief at 5-8.